Curia, per
Johnson, J.
The court concur with the presiding judge in his correction of the opinion expressed by him on the circuit. In the case of Foster vs. Simpson, . 1 Bay 38, the court permitted one partner to prove entries made by another, who was out of the state, in a merchants account; and in the case of Spence against Saunders, 1 Bay 115, proof of the hand writing of the plaintiff, who was out of the state, was admitted in evidence, in an action brought on a physicians bill, who had Sworn to the correctness of his books before he left the state. But both of these were eases tried on writs of en-quiry, and the opinion of the court, particularly in the latter case, proceeds on the ground that the defendant by his default admitted every thing necessary to the plaintiff’s right of recovery, except the amount, and that in such cases strict proof was not necessary. So far these cases must be regarded as binding authority. I think, however, that it would be unsafe to extend the authority beyond the precise cases. A party who comes in and de *258 fends the demands made upon him is entitled to demand strict proof of his liability. To permit a plaintiff to raise an account which he himself would be competent, to prove ' and to evade the penalties of perjury by putting himself out of the way and substituting proof of his hand writing, would be to expose the community to a peculation which would be ruinous in the extreme and against which no caution or vigilance could possibly protect it.
The ease of Walker and Bragg vs. Parham, 3 M‘Cord 295, turned upon the fact, whether Walker, whose hand writing was offered to be proved, was out of the state, and does not decide this question.
The analogy attempted to be drawn from the case of Elms vs. Cheves, 2 M'Cord 349, where proof of the hand writing of a clerk, who was disinterested and who had left the state was admitted, cannot be sustained. The admission of that evidence proceeds on the principle of necessity. The plaintiff could not command his attendance, nor could the court enforce it by process. Proof of the hand writing was therefore the best evidence which the nature of the case admitted of. But not so where the hand writing of the plaintiff himself is to be proved, in legal contemplation he is always in court; at all events he might be there, and supercede the necessity of secondary evidence. Proof of the hand writing of the plaintiff’in the present case was therefore improperly admitted and the motion must be granted.

New trial granted.